AGUSTÍN RODRÍGUEZ, Plaintiff and Appellee, *v.* ARTURO AROCHO VÁZQUEZ, Defendant and Appellant.

No. 8635.   Argued June 15, 1943.—Decided December 15, 1943.

*Luis Mercader* and *J. Córdova Rivera* for appellant. *E. Martínez Avilés* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Julio Arocho Vargas bought from Rafaela Mercado Arocho a house and lot in the town of Barceloneta. In the deed executed before Notary José E. Díaz, on November 7, 1931, and at the request of Julio Arocho Vargas, it was set forth that he purchased the property for and in behalf of his six-year old son Arturo Arocho Vázquez. The purchase price agreed upon was $600, of which the vendor received $400 when executing the deed. The balance of $200 was retained by the purchaser to pay a mortgage upon the estate for such sum. Indeed, the mortgage was subsequently cancelled by a deed executed on September 27, 1934, before the same notary. Once the mortgage lien was cancelled Julio Arocho and his wife, as owners, sold the same to Agustín Rodríguez for $700 by a deed executed on December 5, 1934, before Notary Severo O'Neill Torres; but at the request of Agustín Rodríguez the deed was made out in favor of his sister María

Rodríguez. Notwithstanding this conveyance in favor of María Rodríguez, Julio Arocho, on July 22, 1935, and without informing Agustín Rodríguez about it, sought and obtained the record of the deed of November 7, 1931, in the name of his minor son, defendant herein.

Julio Arocho died on December 20, 1938, and on February 12, 1941, Agustín Rodríguez filed an action against the minor Arturo Arocho Vázquez where, after setting forth the above facts and alleging further that the deed executed in the name of Arturo Arocho was simulated—since, as was alleged, the real purchaser by the deed executed on November 7, 1931, was Julio Arocho himself—judgment was prayed for as follows:

(1) That the above deed of November 7, 1931, is void and ineffectual as to the simulated sale to the defendant minor and consequently that the cancellation of the record of such deed in favor of the said minor in the registry of property be ordered; and

(2) That the deed executed in favor of María Rodríguez is valid and effective and that the defendant be adjudged to pay the costs and attorney's fees.

The minor appeared through his guardian and filed a demurrer for lack of facts sufficient to constitute a cause of action. By way of an answer he denied the essential facts of the complaint and filed a cross-complaint praying judgment in the sum of $1,500 which he alleged to be the amount of the rents produced by the house and received by the plaintiff from the time he was deprived of his possession of the estate by virtue of the deed executed on December 5, 1934, until the filing of the cross-complaint on May 1, 1941, plus any rents that may accrue at the rate of $20 monthly until the estate be turned over to the defendant, and the costs, including attorney's fees.

After a trial the court found the facts alleged in the complaint to have been proven and expressly stated that it

did not believe the evidence for the defendant; and, apparently, without the demurrer to the complaint having been either discussed or passed upon, it rendered judgment sustaining the complaint and dismissing the cross complaint, as follows:

(1) It held that the defendant minor did not acquire, nor has he any title to, the estate described in the complaint and ordered the registrar of property to cancel the record entered in favor of said minor; and

(2) It held that by virtue of the deed executed on December 5, 1934, before Notary Severo O'Neill, Julio Arocho and his wife sold the aforesaid estate—which they had bought from Rafaela Mercado—to plaintiff Agustín Rodríguez "as admitted by the latter's sister and appeared from the evidence; it being incumbent upon the plaintiff to take pertinent steps to settle his title in proper form, inasmuch as the minor is the only one to appear as party defendant and there was some evidence regarding the sale of the property at public auction for the payment of taxes." Costs were also allowed to the plaintiff.

The defendant, feeling aggrieved by the judgment, brought the present appeal.

Before proceeding to a discussion of the questions involved in this appeal, it seems advisable to set forth certain facts which appear from the evidence, although they are not stated in the pleadings, with the exception of a remark made by the court in the judgment concerning the sale at public auction for the payment of taxes. Said facts are as follows:

(a) That on May 17, 1940, the property in question, which was entered in the name of Arturo Arocho on the assessment roll, was sold to Eusebio Rivera for the payment of taxes, said sale having been notified both to Arturo Arocho and to Agustín Rodríguez;

(b) That within the statutory term, that is, on March 14, 1941, Arturo Arocho, through his guardian Domingo Arocho

redeemed the estate by paying the sum of $63 to Eusebio Rivera;

(*c*) That there was admitted in evidence a private instrument dated December 5, 1934, signed by María Rodríguez and her husband Pedro Meléndez in favor of Agustín Rodríguez, in which said spouses set forth that although by the deed of December 5, 1934, María Rodríguez had been made to appear as the purchaser of the property in question, the actual purchaser was Agustín Rodríguez and that said spouses bound themselves to convey the title of the property in question to Agustín Rodríguez at the latter's request;

(*d*) That at the trial and with the consent of the attorney for the defendant, an amendment to the complaint was permitted whereby María Rodríguez and her husband Pedro Meléndez were joined as plaintiffs (Tr. of Ev., p. 5);

(*e*) That at the trial María Rodríguez testified for the plaintiff that the signatures of the parties who subscribed the private instrument already mentioned were genuine, and admitted that the property in question did not belong to her nor to her husband, but to her brother, the plaintiff (Tr. of Ev., p. 23).

The demurrer is not discussed in appellant's brief. In our opinion it did not lie, since the complaint, especially after being amended with defendant's consent, although it is not perfect, yet it states a cause of action. Four errors are assigned which virtually may be reduced to two, to wit:

1. The failure to join Rafaela Mercado Arocho and the heirs of Julio Arocho as parties defendant thereto; and

2. Error in weighing the evidence.

No effort whatever is required in order to conclude that neither Rafaela Mercado nor the heirs of Julio Arocho are necessary parties to the action. No relief is sought against them and any judgment that might be rendered can neither benefit nor prejudice them, for it does not appear

from either the pleadings or the evidence that such parties have or claim to have any interest in the matter in dispute adverse to plaintiffs, nor are they necessary parties for the settlement of the controversy.

■■ The evidence was conflicting. We are familiar with plaintiff's evidence to which the court gave full credit. We must further state, however, that Notary José E. Díaz, testified for plaintiff that when the deed of November 7, 1931, was executed, Julio Arocho told him that he had many illegitimate children and some creditors, and that in order to protect himself from both he wished to have the house conveyed to his six-year-old son Arturo Arocho Vázquez. The defendant objected to such statements on the sole ground that Julio Arocho was dead, and cited §3 of Act of March 10, 1904, which reads as follows:

"In actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the other as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this section shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

The objection was rightly overruled inasmuch as said rule by its own terms, is applicable to the parties, and José E. Díaz was but a witness without interest in the suit. *Freyre* v. *Sucn. Sevillano,* 28 P.R.R. 367; *Wilcox* v. *Axtmayer,* 23 P.R.R. 319; *Lezcano* v. *Heirs of Sifonte,* 42 P. R.R. 387; *Sánchez* v. *Sánchez,* 58 P.R.R. 580; *Viera* v. *Heirs of Goitía,* 60 P.R.R. 637.

Francisco Díaz Marchán also testified for plaintiff that, Julio Arocho said in his presence to Agustín Rodríguez that, although the house apparently had been conveyed to his son, he, Julio Arocho, was the actual owner thereof.

The defendant explained how he acquired the house by saying that his grandfather made a present to him of $400 in cash 5 or 6 months before the San Felipe hurricane and that, as the purchase price of the house, he paid $150 in cash and two cows, and agreed to pay at maturity the $200 mortgage. Referring to this part of defendant's testimony, the court said: "We can not, by any means, believe defendant's explanation as to the way in which he acquired the money with which to purchase the property." We can not agree with the appellant that the court manifestly erred in weighing the evidence. Frequently ill-advised parents use their minor children in the acquisition of property under the erroneous belief that by so acquiring it they place the property beyond the reach of their creditors.

█ It is to be noted that the judgment appealed from does not strictly conform to the prayer of the complaint; but it is a fact that the relief granted is in conformity with the averments of the complaint, as amended, and the evidence, doing substantial justice without unduly prejudicing the rights of the defendant. However, the judgment must be modified as to its wording so that its mandatory portion read as follows: "It is held that the defendant did not acquire for himself nor does he have any title to the property described in the complaint, and the Registrar of Property of Arecibo is directed to cancel the record entered in favor of said minor by virtue of the deed of November 7, 1931, executed before Notary José E. Díaz, it being understood that by said deed the title to the property was conveyed to Julio Arocho Vargas, whose status at the time of the acquisition must be established, and likewise deed No. 94 of December 5, 1934, executed before Notary Severo O'Neill Torres, shall be recorded substituting Agustín Rodríguez as purchaser instead of María Rodríguez," and the following must be eliminated from said judgments: "It being incumbent upon the plaintiff to take pertinent steps to settle his

title in proper form, inasmuch as the minor is the only one who appears as party defendant, and there was some evidence regarding the sale of the property at public auction for the payment of taxes." As thus modified, and without prejudice to any action which defendant might file to recover from plaintiff Agustín Rodríguez the sum of $63 disbursed by the former on account of taxes on the property in controversy, the judgment should be affirmed.

Mr. Justice Snyder did not participate herein.